```
MCGREGOR W. SCOTT
United States Attorney
MATTHEW D. SEGAL
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2708
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>          Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>CY BROWN,  )<br>  )<br>          Defendant.  )<br>_____) | CASE NO. CR 2:03-104 MCE-GGH<br><br>UNITED STATES' MOTION FOR LEAVE TO FILE RESPONSE AND RESPONSE TO DEFENDANT'S "MOTION FOR LEAVE TO FILE SUPPLEMENTAL ISSUES" |

The United States respectfully requests leave to file this short response to the Defendant's "Motion for Leave to File Supplemental Issues." The undersigned AUSA was in complex fraud trial until recently. United States v. Harrison (Cr. No. 2:04-CR-118 WBS). Only yesterday a defendant's guilty plea resolved the case of a severed co-defendant that had been set for trial on October 15, 2008. United States v. Oliver (Cr. No. 2:04-CR-118 WBS).

The United States opposes leave for the Defendant to supplement his claims with anything more than his claim of ineffective assistance in his re-sentencing.

**Supplemental Claim One:**

The Defendant has not established good cause for his failure

1

to raise speedy trial issues in his first petition.  Whatever facts might (or might not) have supported a speedy trial claim have been known to the Defendant for years.  The authority the Defendant cites does not establish that an ineffective assistance of counsel claim based on failure to assert speedy trial rights is jurisdictional.  <u>United States v. Doggett</u>, 505 U.S. 647, 658 n.3 (1992), held that a conditional guilty plea did not waive speedy trial challenge because plea agreement expressly reserved right to appeal on that issue.  <u>Id.</u>  It is not clear why <u>Gosa v. Mayden</u>, 413 U.S. 665 (1973), is relevant at all.

The Defendant argues that counsel did not research or investigate Speedy Trial or IADA claims.  He has no idea if this is true.  Moreover, he does not establish that such research or investigation would have uncovered a valid claim.  Thus, he has not even made a superficial showing of prejudice under <u>Strickland</u>.

**Supplemental Claim Two:**

If the Defendant wants to litigate whether counsel was ineffective in representing him in his opportunity for re-sentencing, the United States has no opposition.  The Defendant's remedy is likely simply to be re-sentencing.  In that event, the

//
//
//
//
//
//
//

United States will present to the District Court the Defendant's conduct in this Section 2255 proceeding, which may be relevant to whether the Defendant's sentence should be ***increased***.

                                            Respectfully Submitted,

                                            McGREGOR W. SCOTT
                                            United States Attorney

DATE: October 16, 2008       By:    /s/ Matt Segal
                                            MATTHEW D. SEGAL
                                            Assistant U.S. Attorney

**ORDER**

    The United States' Motion for Leave to File Response is GRANTED.

DATE:10/16/08                           /s/ Gregory G. Hollows

                                            HON. GREGORY G. HOLLOWS
                                            U.S. Magistrate Judge

brow0104.eot