UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>CY IRVING BROWN,<br><br>Defendant/Movant. | No. 2:03-cr-00104 MCE AC<br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding with appointed counsel, brings a challenge to his conviction and sentence under 28 U.S.C. § 2255. ECF No. 195. Movant seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). Id. The United States opposes the motion, ECF No. 200, and movant has replied, ECF No. 203.

I. BACKGROUND

Mr. Brown was convicted by a jury in 2003 of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d), and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). ECF No. 48. He was sentenced on February 24, 2004 to 150 months imprisonment on the armed bank robbery count and a consecutive 84 months on the gun count. ECF No. 60. On appeal, the conviction was affirmed but the matter was remanded for resentencing pursuant to United States v. Ameline, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc). ECF No. 84; United States v. Brown, 172 Fed. Appx. 206, 208 (9th Cir. 2006).

1

On remand, the parties stipulated to re-imposition of the original sentence. ECF No. 93.

Mr. Brown then filed a motion pursuant to 28 U.S.C. § 2255 in 2007. ECF No. 96. The United States conceded that movant had received ineffective assistance of counsel in relation to the Ameline remand. See ECF No. 127. The district court ultimately conducted a resentencing hearing and concluded that it would have imposed the same sentence had it known that the U.S. Sentencing Guidelines were advisory rather than mandatory. ECF No. 166. Final judgment was entered on August 27, 2014. ECF No. 2014. The Ninth Circuit affirmed. ECF No. 188.

The parties agree that the applicable one-year statute of limitations began to run on March 1, 2017, and that this motion is therefore timely.

## II. THE MOTION

Movant contends that his conviction under 18 U.S.C. § 924(c) cannot stand, because the statutory language defining "crimes of violence" for purposes of that section is unconstitutionally vague in violation of due process. He contends first that after Johnson, armed bank robbery no longer qualifies as a crime of violence under the statute's "force clause," § 924(c)(3)(A). He argues second that the statute's "residual clause," § 924(c)(3)(B), is void for vagueness under Johnson.

## III. PERTINENT STATUTORY FRAMEWORK

Title 18 U.S.C. § 924(c), which is the basis for Count Two in this case, provides in pertinent part as follows:

> Whoever, during and in relation to any crime of violence of drug trafficking crime. . . uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years. . . In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years. . .

18 U.S.C. § 924(c)(1) (1993).

The statute defines "crime of violence" as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and –
>
> (A) Has as an element the use, attempted use, or threatened use of

2

> physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3). Subsection A is known as the "force clause" and subsection B is known as the "residual clause."

The federal bank robbery statute, which is the basis for Count One in this case, provides in pertinent part as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.
>
> \*\*\*
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a), (d).

IV. ANALYSIS

A. Movant's Challenge to the Residual Clause of § 924(c)(3)

In Johnson, the Supreme Court held that the language in the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), is facially void for vagueness. 135 S. Ct. at 2557. The ACCA prescribes 15-to-life sentences for § 922(g) felon-in-possession convictions where there have been 3 or more prior "violent felonies." The statute defines "violent felonies" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

Id. § 924(e)(2)(B) (emphasis added). The italicized portion of the quoted statutory language is known as the residual clause. The Supreme Court found that this language cannot support an enhanced sentence consistent with due process, because it does not give sufficient notice to defendants of the conduct that will support the enhancement, and because it invites arbitrary enforcement by judges. Johnson, 135 S. Ct. at 2557. The holding of Johnson constitutes a new rule of substantive criminal procedure that applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Applying Johnson, the Supreme Court has also invalidated that part of the Immigration and Nationality Act's definition of "aggravated felony" which borrows the residual clause definition of "crime of violence" from 18 U.S.C. § 16(b). Sessions v. Dimaya, 138 S. Ct. 1204, 1211, 1223 (2017) (impermissibly vague to define "crime of violence" requiring deportation as any offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.").

The residual clause language of § 924(c)(3)(B) is substantially identical to that found void for vagueness in Johnson and Dimaya. Accordingly, the undersigned agrees with those district judges who have found § 924(c)(3)(B) to be impermissibly vague under Johnson. See, e.g., United States v. Lattanaphom, 159 F. Supp. 3d 1157 (E.D. Cal. 2016) (Shubb, J.). This does not help Mr. Brown, however, because his § 924(c) convictions do not rest on the residual clause.

Movant's § 924(c) convictions are predicated on the § 2113 armed bank robbery counts in this case. As explained further below, the Ninth Circuit has held since Johnson that armed bank robbery under federal law is a crime of violence for purposes of § 924(c) under the "force

4

clause." United States v. Watson, 881 F.3d 782, 783, 784 (9th Cir. 2018) (per curiam). Accordingly, where a § 2113 conviction provides the predicate for application of § 924(c), a Johnson challenge to the residual clause need not be reached. Watson, 881 F.3d at 784 ("We need not address the residual clause because we conclude that the relevant offense of armed bank robbery is a crime of violence under the force clause.").

B.  Bank Robbery and the Force Clause of § 924(c)(3)

In Watson, the Ninth Circuit squarely held that bank robbery in violation of § 2113(a) and (d) qualifies as a crime of violence under the force clause of § 924(c)(3)(A), and that this result comports fully with Johnson. Watson, 881 F.3d at 784-86. Watson thus forecloses movant's argument that § 2113 cannot satisfy the force clause. Indeed, the Watson court specifically rejected some of the arguments forwarded by movant here, including the theory that § 2113's inclusion of "intimidation" as an alternative to "force and violence" as an element of robbery takes it outside the scope of § 924(c)(3)(A). See id. at 785-86. The Ninth Circuit applied the familiar categorical approach to § 2113(a) and (d), and found that they satisfy the Johnson standard. Id. at 786. Accordingly, analysis of movant's claim begins and ends with Watson.

Dimaya, supra, which was decided by the Supreme Court shortly after Watson, does not affect the validity of Watson. While Dimaya provides strong authority for the proposition that § 924(c)'s residual clause is unconstitutionally vague, it does not address the question whether the elements of armed bank robbery satisfy the force clause. Because Watson answers that question, and instructs that the constitutional soundness of the residual clause is not at issue where a § 924(c) conviction rests on armed bank robbery, Dimaya is inapposite.

V.  CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that the motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 (ECF No. 195) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

5

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> 28 U.S.C. § 2255(c)(1).

DATED: April 9, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE