UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:03-cr-00104-MCE |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| CY IRVING BROWN, | |
| Defendant. | |

Defendant Cy Irving Brown ("Defendant") is currently serving a 234-month sentence for armed bank robbery in violation of 18 U.S.C. §§ 2113(A) & (D) and use of a firearm in violation of 18 U.S.C. 924(C)(1). Presently before the Court is Defendant's Motion to Reduce Sentence Pursuant to the First Step Act, construed here as a habeas petition, which the Government opposes. ECF No. 206, 222. For the reasons that follow, that request is DENIED.

According to Defendant, he is entitled to a sentence reduction because the recently passed "First Step Act" makes clear that inmates are permitted 54 days of good time credit per year as opposed to the 47 days currently utilized by the Bureau of Prisons. ECF No. 213 at 1-2, citing Pub. L. No. 115-391, § 102(b)(1), 132 Stat. 5194, 5210 (2018). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location,

or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernadez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); see also Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Because by Defendant's instant Motion, he challenges the manner in which the sentence is being executed (i.e., the calculation of his good time credits), the Court construes it as having been filed pursuant to § 2241. See Kornfeld v Puentes, Case No. 1:19-cv-00263-DAD-JLT, at 3 (E.D. Cal. Feb. 28, 2019) (Findings and Recommendation); Perez v. Puentes, Case No. 1:19-cv-00224-AWI-JLT, at 2 (E.D. Cal. Mar. 1, 2019) (Findings and Recommendation); Bottinelli v. Salazar, Case No. 3:19-cv-256-MO, at 2 (D. Ore. Mar. 13, 2019). Accordingly, Defendant must pursue his Motion in the district where he is housed. Hernandez, 204 F.3d at 864. Since Defendant is currently incarcerated at FCI Jesup, in the Southern District of Georgia, his Petition should have been brought there rather than in this Court, and it is subject to denial on that ground alone. See Decl. of Jennifer Vickers, ECF No. 222-1, at 1.

Moreover, even assuming this Court could provide Defendant's requested relief, however, his motion was premature in any event. See Bottinelli v. Salazar, 929 F.3d 1196 (9th Cir. 2019). Given the fact that the good time provision on which Defendant relies was not yet effective, his Motion to Reduce Sentence Pursuant to the First Step Act (ECF No. 206) is DENIED on the merits as well as procedurally, and his Petition is DISMISSED.

IT IS SO ORDERED.

Dated: August 9, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE